IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ABERCROMBIE & FITCH CO.,
    Plaintiff,

v.

FEDERAL INSURANCE CO.,
    Defendant.

Case No. 2:06-CV-831
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

FEDERAL INSURANCE CO.,
    Counterplaintiff/
    Third Party Plaintiff,

v.

ABERCROMBIE & FITCH CO.,
    Counterdefendant,

and

NATIONAL UNION FIRE COMPANY
OF PITTSBURGH, PA.,
    Third Party Defendant.

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Reconsideration of this Court's March 11, 2008 *Opinion and Order*. (Doc. #88). For the reasons that follow, the motion is denied.

### I.

This Court denied Defendant Federal Insurance Co.'s Motion to Dismiss Count VI of Plaintiff's Complaint which alleges a claim for bad faith in connection with Defendant's failure

to advance defense costs in another case pending before the undersigned. According to Defendant, the Court's decision "appears to have been based on a mistaken factual premise set forth in footnote 3 of the Court's opinion." (Doc. #88 at 3). In footnote 3, the Court stated: "Federal does not, however, submit that defense costs are not covered under the policy. Federal's position is simply that it has no duty to advance payment of costs." In seeking reconsideration, Defendant states that it does in fact contend that defense costs are not covered under the policy at issue. According to Defendant, "the remainder of the Opinion indicates that Federal's motion to dismiss the bad faith claim would be granted if the misapprehension of Federal's position reflected in footnote 3 is corrected." (Doc. #88 at 3).

In general, there are three situations which justify a district court's reconsideration of a prior ruling: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or to prevent manifest injustice. *See Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995). Defendant Federal argues that reconsideration is necessary to correct a clear error in Federal's stated position with respect to payment of defense costs under the policy.

The Court concludes that its prior decision would not change even in the absence of footnote 3. Contrary to Defendant's argument, the Court's substantive decision regarding the bad faith claim is not dependent on the statement made in the footnote. Federal's position that it has no duty to pay defense costs under the policy is an argument that goes to the merits of this case. Of course if Federal ultimately prevails on the merits, then Plaintiff's claim for bad faith would necessarily fail. In the context of considering a Rule 12(b)(6) motion, however, the Court does not determine whether Federal's position is meritorious. Rather, the Court considers

whether there are any set of facts under which Plaintiff could be entitled to relief on a bad faith claim.

Contrary to Federal's argument in its Motion for Reconsideration, the Court does not view the absence of footnote 3 as making this case controlled by *Corabi v. CNA Ins. Co.*, 1988 WL 363612 (S.D. Ohio 1988). For the reasons stated earlier, the Court does not find the policy at bar analogous to that in *Corabi*. Further, as the Court stated earlier, "[b]ased on th[e] policy language, the Court cannot conclude that there are no set of facts upon which Abercrombie can base its claim for bad faith." (*Opinion and Order* at 8).

In sum, the Court finds no clear error warranting reconsideration of its previous decision. The Court notes that, while footnote 3 is inaccurate, Plaintiff's claim for bad faith survives the Rule 12(b)(6) motion. Whether there is any duty to pay defense costs must be determined at a later stage of this action.

## II.

The Motion for Reconsideration (**Doc. #88**) is **DENIED**.

**IT IS SO ORDERED.**

_3 -20- 2008_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**