```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

```
Abercrombie & Fitch Co.,       :

        Plaintiff,              :

   v.                           :      Case No. 2:06-cv-0831

Federal Insurance Company,      :      JUDGE SARGUS

        Defendant.              :
```

ORDER

    In this insurance coverage case, defendant Federal Insurance Company moved for summary judgment on both the complaint and its counterclaim on February 22, 2008.  Plaintiff Abercrombie & Fitch Co.'s affirmative claims against Federal are the subject of the motion, and Abercrombie is also the defendant named in the counterclaim upon which Federal has moved for judgment.  It has filed a timely response to the motion.

    There is also a third-party defendant in this case, National Union Fire Insurance Co.  National Union wishes to oppose Federal's summary judgment motion, but claims that it needs additional discovery from Federal before it can do so.  That claim is the subject of a motion to continue which National Union has filed under Fed.R.Civ.P. 56(f).  For the following reasons, that motion will be denied.

                              I.

    The insurance coverage at issue relates to both an SEC investigation of Abercrombie which began in 2005 and a number of securities-related lawsuits now pending in this Court, the first of which was also filed in 2005.  According to Federal, it had insured Abercrombie for some period of time prior to these two events under a policy that permitted Abercrombie to purchase an

extension of that coverage. Abercrombie did so, and once the triggering events occurred, advised Federal that it expected to be covered under the extended reporting period.

In the meantime, Abercrombie also obtained insurance coverage from National Union. Without going into great detail here, Federal contends that Abercrombie and National Union hatched a plot to push the entire burden of coverage for the lawsuits and the SEC investigation onto Federal by making National Union's coverage secondary to Federal's coverage in a way that violates the insurance agreement between Abercrombie and Federal. Federal has therefore denied coverage, prompting Abercrombie to file this action seeking not only a declaration that Federal must provide coverage but that its denial was made in bad faith. In its motion for summary judgment, Federal argues that the undisputed actions taken by Abercrombie and National Union violated the plain language of the Federal policy in a material way and therefore justified Federal's refusal to provide Abercrombie with coverage.

## II.

As noted, Abercrombie has filed its brief on the merits of the summary judgment motion already. National Union has not. It contends that in order for it to respond to the motion, it needs certain discovery from Federal. Because the precise subjects of that discovery are determinative of the motion, the Court will lay them out in some detail.

The coverage period involved in this case, at least from Federal's standpoint, is described as an "Extended Reporting Period" or ERP. That is a period which follows the termination of an insurance policy, and which may be obtained by the insured if it pays a previously-agreed upon premium. Abercrombie did pay that premium, which was in excess of $800,000.

The policy in question, like most policies, contains an

"other insurance" clause which describes what happens if certain events occur which trigger coverage under multiple insurance policies.  Federal claims that its policy either made its coverage excess to other primary insurance (which in this case would be the National Union policy) or at least allowed Federal to prorate its coverage with the other insurer so that each would be responsible for a portion of any amounts due the insured.

The policy also contained a clause (section 16(d)) that, according to Federal, prohibits the insured, Abercrombie, from taking any action that would prejudice Federal's position with respect to any claim made under the policy.  Federal argues in its summary judgment motion that one of the actions that clause was designed to prevent is exactly what happened here - that Abercrombie would structure its other insurance in such a way that Federal would become the primary insurer for some claim when, in fact, there should either have been multiple primary insurers or Federal should have been excess to a primary carrier.

National Union sent written discovery to Federal about these three areas.  It did not limit its inquiries to what happened in this case, however, or how Federal seeks to have these matters interpreted here.  Rather, the focus of the discovery in question (which Federal declined to answer) is information about how the relevant policy clauses came to be negotiated, how Federal has interpreted the same clauses in other cases, and how Federal has dealt with other claims made during other extended reporting periods.  It takes the position that these matters are relevant to how the language is applied in this case, and without knowing the answers to its written discovery, it cannot file a memorandum arguing that Federal's current interpretation of its policy language may be inconsistent with the "negotiation history" of that language or its application in other contexts.

III.

Fed.R.Civ.P. 56(f) was adopted because there are times when one party to a case moves for summary judgment and the opposing party has not yet been able to gather enough information, through discovery or otherwise, to oppose the motion properly.  When that occurs, and the party files an appropriate motion and affidavit explaining why it needs additional time to respond, the Court may continue the summary judgment proceedings in order to permit investigation or discovery to go forward.  Under this rule, however, such relief is to be granted only when the party opposing the motion "cannot ... present by affidavit facts essential to justify the party's opposition ...."  The burden is on the opposing party to demonstrate that inability with specificity, and the trial court has broad discretion in determining whether to grant relief.  See, e.g. Manzer v. Diamond Shamrock Chem. Co., (unreported), 907 F.2d 151, *4 (6th Cir. July 3, 1990)("a party opposing summary judgment has no absolute right to additional time for discovery under Fed.R.Civ.P. 56(f)").

Certainly, it appears to be true that without the requested discovery, National Union cannot present evidence to the Court about the negotiation history of this particular insurance policy or about Federal's interpretation of the policy in other situations.  Thus, the question becomes whether such evidence qualifies as "facts *essential* to justify the party's opposition ...."  Fed.R.Civ.P. 56(f)(emphasis added).  For the following reasons, the Court concludes that it does not.

Federal argues, in its motion, that the only evidence relevant to the interpretation of the insurance contract language is the language itself.  The contracts at issue contain integration clauses.  Consequently, unless the language is ambiguous, no extrinsic evidence may be considered by the Court if the effect of that evidence is to alter the plain meaning of

the contract language.  See, e.g., Galmish v. Cicchini, 90 Ohio St. 3d 22, 27 (2000).  National Union, on the other hand, asserts that the language is ambiguous and that the evidence it seeks to introduce can properly be considered by the Court.

Had Federal asserted alternative positions in its motion - either that the language of the contracts is unambiguous, and therefore judgment in its favor is warranted, or that the language is ambiguous but should be construed in Federal's favor in light of the available extrinsic evidence - National Union's Rule 56(f) motion might have merit.  But the Court does not read the motion that way.  Rather, if the Court concludes that the language is ambiguous, it must necessarily decline to enter summary judgment because there is no record from which it could resolve that ambiguity.  As the court in SDR Capital Management v. American Intern. Specialty Lines Ins. Co., 320 F.Supp. 2d 1043, 1046 (S.D. Cal. 2004) observed, "[i]f a contract term is ambiguous, it would create a genuine issue of material fact, thereby precluding summary judgment."

Based on this reasoning, there is no additional factual information which National Union needs to oppose the motion for summary judgment that has actually been filed.  It has not argued that the underlying operative facts (i.e. what types of agreements National Union and Abercrombie entered into and when they reached those agreements) require additional development, and those facts are not the subject of the discovery which remains in dispute.  National has not argued, and could not credibly argue, that it is not currently in a position to present any legal arguments it may have concerning an alleged ambiguity in the contract language.  The ambiguity of any contract is not a factual issue but is a matter of law to be determined by the Court: "The decision as to whether a contract is ambiguous and thus requires extrinsic evidence to ascertain its meaning is one

of law." Ohio Historical Soc. v. Gen. Maintenance & Eng. Co., 65 Ohio App.3d 139, 146 (Portage Co. 1989).  Thus, National Union is free to oppose the summary judgment motion by asserting that the contract language is, as a matter of law, ambiguous and that such ambiguity precludes summary judgment until all of the facts are developed - and perhaps not even then, if the relevant extrinsic facts are disputed.  It does not, however, need access to whatever extrinsic evidence might be considered by the Court in order to make that argument.  It can also argue, of course, that the contract language is not ambiguous but that the actions taken by it and by Abercrombie do not violate Federal's contractual rights - but it also does not need access to extrinsic evidence in order to make that argument.  Either way, the Court concludes that National Union is fully capable of opposing the summary judgment motion without more discovery.  That being so, Rule 56(f) does not come into play, and National Union should promptly file its memorandum opposing the pending summary judgment motion.

## IV.

Based on the foregoing, National Union's motion to continue under Fed.R.Civ.P. 56(f) (#90) is denied.  It shall file its opposition, if any, to Federal's summary judgment motion within twenty-one days of this order.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge