IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ABERCROMBIE & FITCH CO.,

    Plaintiffs,

vs.

    Case No. 2:06CV831
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Kemp

FEDERAL INSURANCE COMPANY,

    Defendant.

---

FEDERAL INSURANCE COMPANY

    Counterplaintiff/Third-Party Plaintiff,

vs.

ABERCROMBIE & FITCH CO.,

    Counterdefendant,

and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

    Third-Party Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion of Third-Party Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania to Reconsider, and Objections to, the June 10, 2008 Order of the Magistrate Judge. The Court will also address

National Union's Motion to Stay Briefing on Federal Insurance Company's Motion for Summary Judgment.

## I.

Magistrate Judge Kemp issued an Order and Opinion on June 10, 2008, denying National Union's Motion to Continue under Fed. R. Civ. P. Rule 56(f), and ordering National Union to respond to Federal Insurance Company's Motion for Summary Judgment within 21 days of the Order. (Order, Doc. #107.) On June 27, 2008, National Union filed a Motion to Reconsider and Objections to the June 10, 2008 Order, and a Motion to Stay Briefing on Federal's Motion for Summary Judgment. (Docs. #111 & 112).[1]

## II.

Objections to a Magistrate's Order on a non-dispositive motion are governed by Fed. R. Civ. P. 72(a). "The district judge . . . shall consider such objections [to the order] and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Ross v. Abercrombie & Fitch Co.*, 2007 U.S. Dist. LEXIS 24903 (S.D. Ohio Mar. 22, 2007). The clearly erroneous standard "'mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. In the absence of clear error, the magistrate's order must stand.'" *Balalovski v. Lucent Technologies, Inc.*, 2003 U.S. Dist. LEXIS 7296 (S.D. Ohio April 10, 2003), quoting *Farley v. Farley*, 952 F.Supp. 1232, 1235 (M.D.Tenn.1997) (internal citations omitted). This Court does not find error or a mistake of law in the Magistrate Judge's June 10,

---

[1] Because National Union's Motion for Reconsideration is largely duplicative of its Motion to Continue under Rule 56(f), the issues before the Court have been fully briefed, and no response from Federal is necessary for the Court's consideration of National Unions motions. (See Docs. #90, 99.)

2008 Order.

National Union has not established that the Magistrate Judge's conclusions "ignore or contradict relevant precepts of law." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.). Rather, National Union re-argues its Motion for Continuance under Rule 56(f), on the grounds that it is entitled to discover "drafting history, insurance department filings, and claims by other insureds" in order to prove that the Federal Policy at issue in this case is "ambiguous as a matter of law." (Mot., Doc. #111, at 5.) In other words, National Union seeks discovery of extrinsic evidence in order to prove the ambiguity. Because the contracts at issue contain integration clauses, however, extrinsic evidence cannot be considered by the Court unless and until the contract language is found to be ambiguous, in which case summary judgment cannot be entered in favor of Federal.

The Magistrate Judge found that, because "the ambiguity of any contract is not a factual issue but is a matter of law to be determined by the Court," "there is no additional factual information which National Union needs to oppose the motion for summary judgment." (Order, Doc. #107, at 5). National Union can assert any legal arguments regarding the alleged ambiguity of Federal's Policy without additional discovery. The Court agrees that the additional discovery sought by National Union is not "essential" to National Union's opposition to Federal's motion for summary judgment, and a continuance under Rule 56(f) is therefore not warranted.

### III.

National Union's Motion to Reconsider and Objections to the June 10, 2008 Order (Doc. #111) is **DENIED**. National Union's Motion to Stay Briefing (Doc. #112) is therefore **MOOT**. National Union shall file its response to Federal's Motion for Summary Judgment on or before July 10, 2008.

IT IS SO ORDERED.

7-1-2008
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE