UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ABERCROMBIE & FITCH CO.,**

    **Plaintiff,**

**v.**

**FEDERAL INSURANCE COMPANY,**

    **Defendant.**

    **Civil Action 2:06-cv-00831**
    **Judge Edmund A. Sargus**
    **Magistrate Judge E. A. Preston Deavers**

## OPINION AND ORDER

This matter is before the Court for consideration of Federal Insurance Company's Motion to Stay Discovery (Doc. # 158). Federal Insurance Company ("Federal") specifically asks the Court to stay discovery until it reaches a decision regarding its Motion for Summary Judgment (Doc. # 157). Abercrombie & Fitch Co. ("Abercrombie"), opposes any stay of discovery.[1] For the reasons that follow, the Court **DENIES** Federal's Motion to Stay Discovery.

### I. BACKGROUND

A. <u>Relevant Facts and History</u>[2]

On October 2, 2006, Abercrombie brought this action for breach of contract and declaratory judgment. The action stems from Federal's refusal to pay the defense costs

---

[1] Abercrombie requests Oral Argument pursuant to S.D. Ohio Civ. R. 7.1. The Court finds oral argument to be unnecessary for the resolution of this matter.

[2] The United States Court of Appeals for the Sixth Circuit's March 12, 2010 decision and this Court's previous Orders provide more complete accounts of the factual background and procedural history of this action.

surrounding litigation involving Abercrombie.[3] Abercrombie had a $10 million policy, which Federal issued, to cover the defense costs of the litigation. In May 2007, Abercrombie filed its Amended Complaint, adding a bad faith claim and alleging that Federal had no reasonable justification for refusing to pay defense costs. (Am. Compl. ¶¶ 45–48.)

Both parties filed motions for summary judgment. On September 29, 2008 this Court issued an Opinion and Order denying Federal's Motion for Summary Judgment, which included Federal's request for summary judgment on Abercrombie's bad faith claim.[4] (Doc. # 120.) On January 21, 2009, the Court granted Abercrombie's Motion for Partial Summary Judgment. (Doc. # 129.) The Court specifically required Federal to advance Abercrombie's defense costs. (*Id.* at 4–5.)

Federal appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit. Over the dissent of Judge Kethledge, the Sixth Circuit affirmed this Court's decision on March 12, 2010. *Abercrombie & Fitch Co. v. Fed. Ins. Co.*, No. 09-3096, 370 Fed. Appx. 563 (6th Cir. 2010). Furthermore, the Sixth Circuit denied Federal's petition for rehearing *en banc*.

On May 27, 2010, Abercrombie informed Federal that it had settled the *Ross* litigation for $12 million. At the time of this Opinion and Order, both parties have indicated that Federal has paid Abercrombie the entire policy limits. (*See* Mot. to Stay Disc. 3; Mem. in Opp'n. to Mot. to Stay Disc. 5.) On the same day it filed the instant Motion to Stay Discovery, Federal also filed another Motion for Summary Judgment related to Abercrombie's bad faith claims.

---

[3] The underlying claims include *Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-819-EAS-TPK (S.D. Ohio) (hereinafter the "*Ross* litigation"), as well as an SEC investigation and derivative suits.

[4] The Court had earlier denied Federal's Motion to Dismiss Abercrombie's bad faith claim. (Doc. # 87.)

(Doc. # 157).  In the Motion for Summary Judgment, Federal maintains that it is entitled to judgment on all outstanding claims.  In addition to asserting that it has tendered its policy limits, Federal maintains that it is entitled to summary judgment on Abercrombie's bad faith claim because (1) Judge Kethledge's dissenting opinion demonstrates that there was a reasonable justification for Federal to not pay its claim; and (2) Abercrombie cannot prove the damages it alleges in its bad faith claim.  (*See* Mot. to Stay Disc. 3.)

B.  Federal's Motion to Stay

With respect to its Motion to Stay Discovery, Federal contends that the Court should stay any further discovery in this case until the Court reaches a decision on Federal's pending Motion for Summary Judgment.  Specifically, Federal asserts that a stay is appropriate because the pending Motion for Summary Judgment presents narrow questions of law that discovery will not aid.  (Mot. to Stay Disc. 4.)  Consequently, Federal submits that a stay will benefit judicial economy and efficiency, and may potentially prevent unnecessary discovery costs.  (*Id.* at 4–5.)  Moreover, Federal maintains that its Motion for Summary Judgment demonstrates that Abercrombie's bad faith claim should be dismissed because Judge Kethledge's dissent indicates that its coverage position was reasonable.  (*Id.* at 3.)

Federal maintains that a stay of discovery is particularly proper in this case because of the remaining bad faith claim.  (*Id.* at 5–6.)  According to Federal, discovery on bad faith "raises unique prejudice issues for an insurer" and will involve the production of attorney-client privilege and work product.  (*Id.* at 5.)  In its Reply, Federal further details that "the rationale . . . for staying bad faith discovery – the avoidance of potential 'manifest prejudice' to the insurer from the disclosure of its privileged files where . . . claims on which discovery is sought may be resolved as a matter of law – applies . . . ."  (Reply 8–9.)

3

C. <u>Abercrombie's Opposition</u>

In opposing the Motion to Stay, Abercrombie maintains that Federal's unsuccessful dispositive motions and appeal have already postponed discovery for several years and that any further delay is inappropriate. (Mem. in Opp'n. to Mot. to Stay Disc. 1.) Abercrombie contends that Federal has not met its burden as the party moving for a discovery stay and has not demonstrated that its Motion for Summary Judgment is likely to be granted.[5] (*Id.* at 6–9.) Furthermore, Abercrombie asserts that the presence of an insurer bad faith claim does not justify a stay in this case. Specifically, Abercrombie maintains that because the underlying coverage claims have already been resolved, the disclosure of privileged material will not prejudice Federal. (*Id.* at 11.)

---

[5]  In its Memorandum in Opposition, Abercrombie raises certain arguments regarding the merits of the Motion for Summary Judgment. Specifically, Abercrombie contends that the Court should deny a stay because (1) the Motion for Summary Judgment is not likely to lead to dismissal, and (2) Abercrombie is entitled to further discovery before responding to the Motion for Summary Judgment. (Mem. in Opp'n. to Mot. to Stay Disc. 1–2.) Federal has responded to these arguments in Reply. (Reply 5–8.) The likelihood of success of a case-dispositive motion may at times influence the decision of whether to stay discovery. *See, e.g.*, *Shanks v. Honda of America Mfg.*, Nos. 2:08-cv-1059, 2:08-cv-1060, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting, within the context of a pending motion to dismiss, that "the Court might be persuaded to order a stay of discovery if it appears that the complaint will almost certainly be dismissed"). Nevertheless, the undersigned concludes, as discussed below, that it should deny Plaintiff's Motion to Stay Discovery due to other considerations, and that it would be inappropriate to weigh in on the strength of either party's position in the briefing of the Motion for Summary Judgment. The Court, therefore, finds that it would be unnecessary and premature at this juncture to address the merits of the Motion for Summary Judgment, and nothing in this Opinion and Order should be construed as an interpretation of the validity of any of the remaining claims.

## II.  APPLICABLE LAW

The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)).  As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir.1999)).  Furthermore, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

Nevertheless, to determine whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1.  "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio February 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir.1983)). Nevertheless, "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion).

### III.  LEGAL ANALYSIS

Here, the Court is not convinced, based upon the factual circumstances of this case, that a stay of discovery is appropriate.  Specifically, Federal has failed to demonstrate that the burden it would face from engaging in discovery outweighs the burden Abercrombie would endure if discovery is once again delayed.  Federal sets forth two basic justifications for its Motion to Stay Discovery.  First, Federal maintains that stay is proper because it has filed a Motion for Summary Judgment, which is fully briefed, such that further discovery would not alter the parties' positions.  Under Sixth Circuit precedent, the Court has the discretion to stay discovery under such conditions, as Federal correctly posits.  *Gettings*, 349 F.3d at 304.  Nevertheless, in exercising its discretion, this Court has found, in both the summary judgment and motion to dismiss contexts, that the existence of a pending case-dispositive motion, without more, is usually insufficient to support a stay.  *See, e.g.*, Bowens, 2010 WL 3719245, at *2; *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio March 4, 2008) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990)).

Federal's second main contention centers on the premise that a stay is justified in this case because discovery regarding Abercrombie's bad faith claim will implicate Federal's attorney-client and work-product privileges.  It is true that multiple courts, under both federal and Ohio law, have chosen to bifurcate and stay discovery related to insurer bad faith claims.  *See, e.g.*, *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005) (finding that district court did not abuse its discretion in staying discovery on a bad faith claim); *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, No. 2:06-CV-899, 2007 WL 4365695, at *1–2 (S.D. Ohio Dec. 12, 2007) (upholding a magistrate judge's stay of proceedings regarding a bad faith claim); *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 214 (2001) (indicating that a stay of discovery may be

6

appropriate for a bad faith claim); *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258 (Ohio Ct. App. 2003) (finding that failure to stay discovery regarding a bad faith claim would be "grossly prejudicial"). Indeed this case proceeded in such a bifurcated fashion. As Abercrombie indicates, however, the primary prejudice with which the courts appear to be concerned is the risk that discovery of privileged information might harm the defense of the underlying coverage claim. *See, e.g.*, *Smith*, 403 F.3d at 407 ("Because the merits of the bad faith claim depended on whether the limitations provision was valid, it was reasonable for the court to resolve the validity question before allowing the bad faith claim to proceed."); *Scotts*, 2007 WL 4365695, at *1 ("[P]rivileged documents in this case are relevant not only to the bad faith claim but to other claims as well, and that disclosure would therefore prejudice defendant's defense of the other causes of action."); *Boone*, 91 Ohio St.3d at 214 ("[I]f the trial court finds that the release of this information will inhibit the insurer's ability to defend on the underlying claim, it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim."). In this case, Federal cannot assert such prejudice, as this Court's January 2009 Opinion and Order, which the Sixth Circuit affirmed, resolved the coverage disputes.

  This action is now over four years old. Federal has had the full opportunity to appeal this Court's summary judgment decision to the Court of Appeals and to request an *en banc* hearing. This Court previously stayed discovery concerning the bad faith claim during this process. (*See* Doc. # 147.) Contrary to Federal's contentions, the Court concludes that, based on these circumstances, the interest of judicial efficiency promotes continuing with discovery at this time in order to avoid any further delay. Although Federal's current Motion for Summary Judgment may ultimately succeed, a pending case-dispositive motion is generally not enough to stay discovery. Furthermore, the Court finds that its prior resolution of the coverage claims

diminishes the potential prejudice of bad faith discovery.

## IV.  CONCLUSION

For the foregoing reasons, Federal Insurance Company's Motion to Stay Discovery (Doc. # 158) is **DENIED**.

**IT IS SO ORDERED.**

## V. NOTICE

Under the provisions of 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.


October 5, 2010                                              /s/ *Elizabeth A. Preston Deavers*
                                                                     Elizabeth A. Preston Deavers
                                                                     United States Magistrate Judge